J-A28016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ELIJAH WINGATE AND RESHINEA DAVIS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANA MCGRATH | : | |
| | : | No. 2879 EDA 2023 |
| Appellant | : | |

Appeal from the Order Entered October 4, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No:  190404637

BEFORE:  PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 10, 2025**

Appellant, Dana McGrath ("McGrath"), appeals from an order docketed October 4, 2023, granting a new trial to Appellees, Elijah Wingate and Reshinea Davis in this personal injury action.  We reverse the order granting a new trial and remand for entry of judgment in favor of McGrath.

This action arose out of a motor vehicle accident on May 17, 2017, in which a car operated by McGrath struck a car occupied by Mr. Wingate and Ms. Davis.  Mr. Wingate alleged that he suffered disc herniations at L2-3 and L3-4, cervical strain and sprain, and other injuries.  Ms. Davis alleged that she suffered a disc bulge at L4-5, cervical sprain and strain, and other injuries. The case was assigned to the court's arbitration program.  On December 15, 2022, an arbitration panel found in favor of Mr. Wingate and Ms. Davis and awarded them an aggregate of $40,000 in damages.  McGrath filed a timely appeal and demanded a jury trial.

During discovery, McGrath produced two expert reports from Dr. Andrew Shaer, a radiologist. Dr. Shaer reviewed an MRI of Mr. Wingate's spine taken one month after the accident and opined that he suffered annular bulges at L2-3 and L3-4 that were caused by disc degeneration unrelated to any single acute traumatic event, including the accident giving rise to this lawsuit. Dr. Shaer also reviewed an MRI of Ms. Davis's spine taken three months after the accident that she suffered a slight annular bulge at L4-5 caused by disc degeneration unrelated to any single acute traumatic event, including the motor vehicle accident.

On May 10, 2023, Wingate[1] filed a motion *in limine* to exclude Dr. Shaer from testifying that disc degeneration was the only cause of the plaintiffs' disc injuries. Wingate asserted that there was no scientific evidence supporting Dr. Shaer's opinion that disc degeneration was the sole cause of the injuries as opposed to one of several possible causes. On September 8, 2023, three days before trial, the court ordered that the motion *in limine* would be decided at the time of trial.

On September 11, 2023, the first day of trial, after the jury was empaneled, but before opening statements, the parties argued two defense motions *in limine*. Counsel for Wingate, however, did not bring up his motion *in limine* concerning Dr. Shaer. During opening statements, counsel for Wingate requested a mistrial because of McGrath's counsel's statements

_____

[1] For the remainder of this memorandum, we will refer to Mr. Wingate and Ms. Davis collectively as "Wingate".

concerning the expected testimony of another expert, Dr. Howley. Once again, however, counsel for Wingate failed to mention the motion *in limine* related to Dr. Shaer. Nor did counsel bring up the motion relating to Dr. Shaer at any other point during the first day of trial.

On September 12, 2023, the second day of trial, McGrath presented Dr. Shaer's testimony via videotape. At no point prior to Dr. Shaer's testimony did counsel for Wingate request a ruling on the motion *in limine* relating to Dr. Shaer or remind the trial court about this motion. After brief testimony concerning Dr. Shaer's credentials, the trial court stopped the videotape and found that Dr. Shaer qualified as an expert in neuroradiology and radiology. Counsel for Wingate still did not remind the trial court about the motion *in limine* at that point. The videotaped testimony resumed and concluded immediately before the lunch break.

Only after Dr. Shaer's testimony concluded and the jury exited the courtroom did counsel for Wingate remind the trial court of the outstanding motion *in limine* concerning Dr. Shaer's testimony. The court responded that it was "too little, too late" for counsel to raise the motion after Dr. Shaer's testimony. N.T., 9/12/23, at 47. Counsel stated, "I did it yesterday . . . We'll get the transcript. I absolutely asked you." *Id.* at 47-48. The court then denied the motion, stating,

> It would be normal for a lawyer to bring up an issue to be decided
> at trial before the witness testifies so that the Court can pay close
> attention and rule on the motion. But that was not brought up ...
> I have to decide this motion, and it's a motion about bulging discs
> and disc degeneration .... And now that I've heard the doctor

testify, he testified well, accurately and he did say to the benefit of [Wingate] that bulging discs can cause pain. Other than that, the motion is denied.

*Id.* at 50-51.

On September 13, 2023, the jury returned a defense verdict, finding that McGrath's negligence was not a factual cause of Wingate's harm.

On September 22, 2023, Wingate filed timely post-trial motions requesting a new trial. The only grounds that Wingate raised for seeking relief was that the court "fail[ed] to rule on [Appellee]'s [motion *in limine*] to exclude testimony from Dr. Andrew Shaer before his testimony," and "provid[ed] incorrect reasoning for th[is] ruling." Post-Trial Motions, 9/22/23, at ¶¶ 3-4. The motions included a request that "pursuant to [Pa.R.Civ.P.] 227.3, [Wingate] requests that the court reporter transcribe only the record." Post-Trial Motions, Request For Transcription Of The Record. Wingate did not request transcription of the notes of testimony from trial.

On October 2, 2023, McGrath filed an answer opposing Wingate's post-trial motions on the grounds that counsel for Wingate failed to re-raise the issue in the motion *in limine* prior to Dr. Shaer's testimony and failed to object to Dr. Shaer's qualification as an expert. McGrath, however, did not object to Wingate's failure to request the notes of testimony or request transcription of the notes herself.

Without ordering post-trial briefs or oral argument, the court entered an order on October 4, 2023, granting Wingate's post-trial motions and ordering a new trial.

On October 13, 2023, McGrath filed a motion for reconsideration arguing, *inter alia*, that the court erred in granting a new trial because (1) Wingate waived his objection to Dr. Shaer's testimony by failing to re-raise his motion *in limine* during trial when McGrath called Dr. Shaer to testify, (2) Wingate failed to order the notes of testimony in post-trial motions, and (3) the court erred in failing to order briefs or oral argument on Wingate's post-trial motions.

On November 1, 2023, the court denied McGrath's motion for reconsideration. On November 2, 2023, McGrath filed a timely notice of appeal from the order granting Wingate a new trial. Along with her notice of appeal, McGrath filed a request for the trial notes of testimony. On January 11, 2024, the court reporter generated the notes.

Both McGrath and the trial court complied with Pa.R.A.P. 1925. The trial court recommended in its Rule 1925 opinion that this Court reverse the order granting Appellees a new trial:

> [Wingate's] motion *in limine* argued Dr. Shaer failed to articulate a scientific basis to support his conclusion that disc bulges can only be caused by degeneration. []Motion in Limine at ¶¶ 8, 11. To properly rule on the motion *in limine*, this Court needed to review the transcript of Dr. Shaer's videotaped testimony to determine 1) whether Dr. Shaer did, indeed, testify that disc bulges can only be caused by degeneration and 2) whether Dr. Shaer articulated a scientific basis for this conclusion. ***See***, ***e.g.***, ***Snizavich v. Rohm and Haas Company***, 83 A.3d 191, 195 (Pa. Super. 2013) (stating that an expert's opinion must be supported by "reference to facts, testimony or empirical data[;]" the expert's testimony cannot be based on "mere personal belief"). In granting [Wingate's] request for a new trial, this Court believed it

- 5 -

committed an error by failing to conduct the *Snizavich* analysis prior to the start of Dr. Shaer's testimony.

The reason this Court failed to conduct the analysis required by *Snizavich* prior to the start of Dr. Shaer's testimony is not because this Court was derelict in its duty; rather, this Court failed to conduct the *Snizavich* analysis because [Wingate] failed to renew the issue prior to the presentation of Dr. Shaer's testimony at trial. Our appellate courts have made it clear that "if the trial court defers ruling on a motion *in limine* until trial, the party that brought the motion must renew the objection at trial or the issue will be deemed waived on appeal." *Blumer v. Ford Motor Co.*, 20 A.3d 1222, 1232 (Pa. Super. 2011). This Court's September 8, 2023 Order clearly deferred ruling on [Wingate's] motion *in limine* until the time of trial; therefore, under *Blumer*, [Wingate was] obligated to renew [this] objection at trial. Since [Wingate] failed to renew [this] objection until after Dr. Shaer's testimony concluded, [Wingate] waived [this] objection. *Blumer*, 20 A.3d at 1232.

Pa.R.A.P. 1925 Opinion, 3/28/24, at 6-7.

McGrath raises the following issues in her appellate brief:

1. Did the trial court abuse its discretion or commit an error of law when it granted "[Wingate's] Motion for Post-Trial Relief in the Nature of a Motion for a New Trial"?

2. Did Wingate waive [all] claims for post-trial relief by failing to make a timely objection at trial?

3. Did Wingate waive [all] claims for post-trial relief by failing to order and/or pay for the trial transcript, and by otherwise failing to follow the State and Local Rules of Civil Procedure?

4. If this Court concludes a reversal is not warranted at this time, should this case be remanded for the limited purpose of allowing the trial court to address the remaining issues in [McGrath's] Concise Statement?

McGrath's Brief at 3-4.

We have jurisdiction over this appeal from an order granting a new trial in a civil action. Pa.R.A.P. 311(a)(6). "Trial courts have broad discretion to grant or deny a new trial." *Harman ex. rel. Harman v. Borah*, 756 A.2d 1116, 1121 (Pa. 2000). We should not interfere with the trial court's authority to grant a new trial unless it abused its discretion. *Id.* at 1122. Trial courts must follow a two-step process when evaluating a request for a new trial. "First, the trial court must decide whether one or more mistakes occurred at trial." *Id.* "Second, if the trial court concludes that a mistake (or mistakes) occurred, it must determine whether the mistake was a sufficient basis for granting a new trial." *Id.* If no mistakes were made at trial, a trial court cannot order a new trial. *Id.* at 1123.

In this case, Wingate filed a motion *in limine* prior to trial requesting preclusion of Dr. Shaer's testimony. The trial court ordered that it would decide Wingate's motion at the time of trial. Wingate did not raise the motion *in limine* on the first day of trial. On the second day of trial, McGrath called Dr. Shaer as a witness and played his videotaped testimony. Wingate did not object to Dr. Shaer's testimony until after its conclusion. The court overruled Wingate's belated objection, and the jury returned a verdict in favor of McGrath. Wingate filed post-trial motions arguing that the court erred in admitting Dr. Shaer's testimony. The trial court ordered a new trial due to its belief that it failed to review Dr. Shaer's testimony properly (*i.e.*, apply the standards articulated in *Snizavich*) before allowing the jury to view this

- 7 -

testimony. After McGrath appealed to this Court, however, the court recommended in its Rule 1925 opinion that we reverse the grant of a new trial. The court reasoned in its opinion that Wingate waived his objection to Dr. Shaer's testimony by failing to renew his motion *in limine* during trial before the doctor's testimony. McGrath now raises this waiver issue in her appellate briefing.

At the outset, we observe that McGrath preserved her waiver argument for appeal. McGrath filed an answer to Wingate's post-trial motions objecting to Wingate's failure to renew his motion *in limine*. This was beyond the call of duty, because the Rules of Civil Procedure do not require parties to file answers to post-trial motions. Next, McGrath filed a motion for reconsideration raising waiver, a motion that the trial court entertained but denied. Finally, McGrath raised waiver in her Rule 1925 concise statement of matters complained of on appeal.

We observe that McGrath's concise statement could have been more precise. Instead of expressly stating that Wingate "waived" his objection by failing to renew his motion *in limine*, McGrath stated that the trial court "erred and committed reversible error by denying [her] [m]otion [for reconsideration]." Concise Statement, 11/20/23, at ¶ 4. In ***Commonwealth v. Sexton***, 222 A.3d 405 (Pa. Super. 2019), this Court criticized a concise statement that "incorporate[d] by reference numerous prior filings" instead of raising specific objections to the weight and sufficiency of the evidence. ***Id.***

- 8 -

at 413 n.3. We went on to hold, however, that the technique of incorporation by reference "has not fatally impaired the trial court's legal analysis [in its Rule 1925 opinion], in that Appellant has directed the court to filings in the record which specify the arguments he develops on appeal." *Id.* Accordingly, we declined to find waiver. *Id.* The same logic applies here. Although McGrath simply incorporated her motion for reconsideration by reference, the court's Rule 1925 opinion demonstrates that it understood McGrath to refer to the argument in her motion for reconsideration that Wingate waived his objection to the court's ruling on the motion *in limine*. *See* Pa.R.A.P. 1925 Opinion, 3/28/24, at 7. Therefore, we proceed to the substance of McGrath's argument, but we caution McGrath and other litigants that the better practice in concise statements would be to raise objections with specificity instead of incorporating prior filings by reference.

We agree with the trial court's Rule 1925 opinion, and with McGrath, that Wingate waived his objection to Dr. Shaer's testimony by failing to renew his motion *in limine* during trial before the introduction of the doctor's videotaped testimony.

In *Blumer v. Ford Motor Co.*, 20 A.3d 1222 (Pa. Super. 2011), a products liability case, the defendant, a truck manufacturer, filed a pretrial motion *in limine* raising a hearsay objection to reports of incidents involving circumstances similar to the accident in question. The trial court deferred ruling on the motion *in limine* until trial in 2009. The defendant did not raise

a hearsay objection during trial or ask the court to make a definitive ruling on its motion *in limine*. Nor did the defendant ask for a limiting instruction on the basis of hearsay. At the time of trial, the version of Pa.R.E. 103(a) then in effect ("prior Rule 103(a)") provided that a party could predicate error on a ruling to admit evidence through, *inter alia*, a motion *in limine* on the record. Prior Rule 103(a) further stated, "Once the court makes a definitive ruling on the record admitting . . . evidence, either at or before trial, a party need not renew an objection . . . to preserve a claim of error for appeal." ***Blumer***, 20 A.3d at 1232. This Court construed prior Rule 103(a) to mean that "if the trial court defers ruling on a motion *in limine* until trial, the party that brought the motion must renew the objection at trial or the issue will be deemed waived on appeal." ***Id.*** We then held that the defendant waived the hearsay objection in its motion *in limine* by failing to renew the objection at trial or seek a limiting instruction. ***Id.***

In 2013, prior Rule 103 was rescinded and replaced by the version of Rule 103 that was in effect during the present case (and that remains in effect today). Present-day Rule 103 provides that a party may claim error in a ruling to admit evidence by, *inter alia*, making a timely motion *in limine* on the record. Pa.R.E. 103(a)(1)(A). It then provides, "Once the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Pa.R.E. 103(b). This text is identical in substance to prior Rule 103. We have

construed this text in the same manner as we construed prior Rule 103 in **Blumer**—if the trial court defers ruling on a motion *in limine* until trial, the party that brought the motion must renew the objection at trial or the issue will be deemed waived on appeal. **See Commonwealth v. Hatfield**, 2022 WL 4693588, *5 (Pa. Super., Oct. 3, 2022) (unpublished memorandum)[2] (defendant waived objection to witness's testimony under Rule 103(b) where defendant moved *in limine* prior to trial to preclude witness's testimony, trial court did not make ruling, and defendant failed to renew objection when witness was called to testify).

Based on Rule 103, and guided by our analysis in **Blumer** and **Hatfield**, we conclude that Wingate waived his objection to Dr. Shaer's testimony. Wingate filed a pretrial motion *in limine* to preclude Dr. Shaer's testimony, but the trial court ordered that it would decide this motion at the time of trial. During trial, however, Wingate failed to raise this motion when McGrath called Dr. Shaer to testify. Wingate waited until after Dr. Shaer's testimony concluded before raising an objection.[3] By that point, as the trial court

---

[2] We may cite unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019 for their persuasive value. **See** Pa.R.A.P. 126(b).

[3] Although Wingate's counsel argued that he raised this objection one day earlier, during the first day of trial, we see no indication in the trial transcript of any such objection on the first day of trial. Nor does Wingate point us to any.

observed, any objection was "too little, too late."  N.T., 9/12/23, at 47; **see also** Pa.R.E. 103; **Blumer**, **supra**; **Hatfield**, **supra.**[4]

Wingate's post-trial motions did not raise any issue other than the court's denial of his motion *in limine* to preclude Dr. Shaer's testimony.  Thus, our determination that Wingate waived this issue compels us to reverse the order granting Wingate a new trial.

Before concluding, we take this opportunity to voice our concerns over post-trial proceedings in this case.  We note that Wingate did not order the trial notes of testimony in his post-trial motions, as he was required to do under local and statewide rules of procedure.[5]  Nor did McGrath file an

_____

[4] Several analogous decisions also deserve mention.  **Cf. Harman ex rel. Harman v. Borah**, 756 A.2d 1116, 1126-27 (Pa. 2000) (where trial judge engaged in private, off-the-record conversation with witness in presence of the jury, but plaintiffs' counsel failed to object to conversation or move for mistrial until one hour later, trial judge properly denied plaintiffs' post-trial motion for new trial due to plaintiffs' failure to raise prompt objection); **Keffer v. Bob Nolan's Auto Service, Inc.**, 59 A.3d 621, 657-58 (Pa. Super. 2012) (citing **Blumer**) (objection to defense witness's testimony waived where plaintiff moved to strike defense witness's testimony after direct testimony and again after cross-examination, but court did not rule on motion, and plaintiff did not remind court that it had not ruled on motion; "[w]hen the trial court overlooks or fails to rule on an issue, the party seeking the court's ruling must remind the court that it has not ruled and obtain a definitive ruling on the issue.  Failing to do so results in the waiver of the issue not ruled upon.").

[5] Philadelphia Local Rule 227(d)(1) provides, "Trial transcripts shall be requested as provided in Pa.R.C[iv].P. 227.3 . . . ."  Pennsylvania Rule of Civil Procedure 227.3 provides, in turn,

> All post-trial motions shall contain a request designating that portion of the record to be transcribed in order to enable the court

*(Footnote Continued Next Page)*

objection to the absence of the notes of testimony within ten days after Wingate's post-trial motions, even though the statewide rules entitled her to do so. **See** n.5, **supra** (second sentence of Pa.R.Civ.P. 227.3). As a result, the trial court decided Wingate's post-trial motions without reviewing the notes of testimony, which it should have done before making its decision. In addition, the court did not request post-trial briefs from the parties, as it had the right to do under Philadelphia Rule 227.[6] Nor did the court hold oral argument on the post-trial motions, as it was required to do under the same rule.[7]

Arguably, the remedy for this series of omissions would be to remand this case with instructions to comply with all applicable post-trial rules. Such a remedy, however, is unnecessary due to events after post-trial proceedings. Following McGrath's appeal to this Court, the notes of testimony were

_____

to dispose of the motion. Within ten days after the filing of the motion, any other party may file an objection requesting that an additional, lesser or different portion of the record be transcribed. If no portion is indicated, the transcription of the record shall be deemed unnecessary to the disposition of the motion.

**Id.**

[6] **See** Philadelphia Local Rule 227(e)(2) ("The court may require the parties to submit briefs in support of, or contra, the post-verdict motions.").

[7] **See** Philadelphia Local Rule 227(e)(1) ("The Trial Judge shall schedule oral argument for a date certain. . .").

- 13 -

transcribed and sent to the court. The court reviewed the notes[8] and discerned that Wingate waived the only issue that he advanced in his post-trial motions, the objection to Dr. Shaer's testimony. The court discussed this waiver in its Rule 1925 opinion and recommended that we reverse the order granting a new trial. Although it would have been preferable for these steps to have taken place during post-trial proceedings, the record shows that they ultimately took place during appellate proceedings. Thus, a remand for further post-trial proceedings would be redundant and impractical.

For these reasons, we conclude that Wingate waived his objection to Dr. Shaer's testimony. We reverse the order granting a new trial and remand for entry of judgment.

Order granting a new trial reversed. Case remanded for entry of judgment. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/10/2025

_____

[8] The Rule 1925 opinion includes multiple citations to the notes of testimony from the first and second days of trial.

- 14 -